UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES R. RYAN,

                Plaintiff,

         v.

CHRISTOPHER MOSS, Chemung County
Sheriff; SCOTT WHEELER, Sargent, and;
RICHARD L. MATHEWS, Deputy;
each in their individual and official capacities,

                Defendant.
_____

DECISION & ORDER

11-CV-6015P

        *Pro se* plaintiff James R. Ryan ("Ryan"), who is incarcerated in the Chemung County Jail, has filed this lawsuit against defendants pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his constitutional rights in connection with an illegal search of his home. (Docket # 1). Currently before this Court are two motions by Ryan for the appointment of counsel. (Docket ## 11, 14).

        It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

        1.     Whether the indigent's claims seem likely to be of substance;

    2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

As a threshold matter, the Court notes that Ryan has been given leave to proceed *in forma pauperis*. (Docket # 3). The Court is unable to ascertain, however, at this early stage of the litigation, whether his claims likely have merit. In any event, Ryan has failed to demonstrate

that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel.  In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 ("every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.").  Based on this review, plaintiff's motions for appointment of counsel **(Docket ## 11, 14)** are **DENIED** without prejudice at this time.  It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

                                                         *s/Marian W. Payson*
                                                        MARIAN W. PAYSON
                                                   United States Magistrate Judge

Dated: Rochester, New York
       October   4  , 2011